UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Peter Nicholaus, Sr.,

Plaintiff,

vs.

International Longshoremen's Association Local 1329,

and

R.I. Shipping Association – International Longshoremen's Association Annuity Fund, alias

Defendants.

CA 08 101 S

Jury Trial Requested

## **Complaint**

Including Request for Injunctive Relief

### **Introduction**

1. The Plaintiff brings this action principally pursuant to the federal Labor-Management Reporting and Disclosure Act (LMRDA), codified at 29 USC §401 *et. seq.*, contending International Longshoremen's Association Local 1329 impermissibly took adverse actions against him without proper notice and without affording him his due process rights under the LMRDA. In particular, he contends Local 1329 retroactively kicked him out of the union and denied him both the benefits of active union membership and the benefits afforded former union members. He seeks a reversal of the union's adverse actions.

2. In the alternative, he seeks to reverse the union's decision based on a common law breach of contract claim.

3. In the alternative, and in the event the union's actions are not reversed, he brings common law conversion claims seeking return of the union dues and annuity fund payments the defendants collected from him for several years before they retroactively determined he was not a union member.

## Jurisdiction and Venue

4. This Court has jurisdiction to hear the LMRDA claims in this matter pursuant to 29 U.S.C. §412 and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state common law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is proper pursuant to 29 U.S.C. §412, and 28 U.S.C. § 1391(b), because the defendants are residents of this District and the conduct complained of took place in this District.

## Parties

6. The Plaintiff Peter Nicholaus, Sr. (hereinafter Nicholaus), is an adult resident of the City of Providence, County of Providence, State of Rhode Island.

7. The Defendant International Longshoremen's Association Local 1329 (hereinafter Local 1329) is a labor organization with its principal place of business located in the City of Providence, County of Providence, State of Rhode Island.

8. Local 1329 is, and at all times relevant to this litigation was, a "labor organization" as that term is defined in the LMRDA at 29 USC §402(i).

9. The Defendant R.I. Shipping Association – International Longshoremen's Association Annuity Fund (hereinafter Annuity Fund) is an Employee Retirement Income Security Act qualified, defined benefit, plan with its principal place of business located in the City of Cranston, County of Providence, State of Rhode Island.

## Facts Common To All Counts

10. Nicholaus became a member of Local 1329 in or about September 1964 when he was approximately 23 years old.

11. From when he first joined the union, through March 18, 2007, Local 1329 treated Nicholaus as if he were a member in good standing of the union by, among other things:

    a. Placing him with various employers through the union's hiring hall;

    b. Representing to employers that he was a union member;

    c. Representing to other union members that he was a member of the union;

d. Taking from his wages certain amounts collected from union members including, but not limited to, local union dues, international union dues, annuity fund payments, local and international union scholarship fund payments, and building fund payments;

e. Allowing him to participate in all union activities; and

f. Granting him seniority status for hiring, work assignments and benefit, purposes based on the fact that he became a union member since September 1964.

12. On March 19, 2007, Local 1329 stopped treating Nicholaus as a union member in good standing.

13. On March 19, 2007, Local 1329 told other unions members that it considered Nicholaus "retired" retroactively as of January 1, 2004.

14. From January 1, 2004 through March 18, 2007, Nicholaus had regularly worked as a union member and Local 1329 had treated him as a member in good standing of the union and not as a "retired" member.

15. Subsequent to March 19, 2007 through the present, the union decided to treat Nicholaus differently, in terms of hiring, work assignment and benefits, than retired union members with similar experience and seniority.

16. Nicholaus suffered damages as a result of Local 1329's actions.

**Count 1 – Federal LMRDA**

17. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

18. Local 1329 expelled or otherwise disciplined Nicholaus effective March 19, 2007 without first:

a. Serving him with written specific charges; and without

b. Giving him a reasonable time to prepare his defense; and without

c. Affording him a full and fair hearing.

19. Subsequent to March 19, 2007, Local 1329 disciplined Nicholaus by denying him the same rights, in terms of hiring, work assignment and benefits, than retired union members with similar experience and seniority without first:

a. Serving him with written specific charges; and without

b. Giving him a reasonable time to prepare his defense; and without

c. Affording him a full and fair hearing.

20. Local 1329's conduct as described in the prior two paragraphs violated the LMRDA, specifically, 29 USC §411(5).

21. Local 1329 did not inform Nicholaus of his rights under the LMRDA.

22. Local 1329's conduct as described in the prior paragraph violated the LMRDA, specifically, 29 USC §415.

23. As a result of the Local 1329's conduct, Nicholaus suffered damages including mental suffering, embarrassment, lost income, lost seniority, lost health and other benefits, litigation costs and attorney fees.

**Wherefore,** the Plaintiff requests judgment against Local 1329 for his actual damages, mental suffering, litigation costs, attorney fees, injunctive relief compelling Local 1329 to treat him no differently than it did prior to March 19, 2007, and for such other relief as the Court may deem just and appropriate.

**Count 2 – State Breach of Contract Claims**

24. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

25. At all times relevant to this litigation, Nicholaus was either a member in good standing of Local 1329, or, in the alternative, a retired member in good standing of Local 1329, entitled to the rights and privileges accorded to each by the parties' collective bargaining agreement, annuity fund rules and/or union rules.

26. Local 1329 expelled Nicholaus from the union, and designated him as 'retired', in violation of the terms of the parties' collective bargaining agreement, annuity fund rules and/or union rules.

27. Local 1329 denied Nicholaus the benefits of retired union members in violation of the terms of the parties' collective bargaining agreement, annuity fund rules and/or union rules.

28. As a result of the Local 1329's conduct, Nicholaus suffered damages including mental suffering, embarrassment, lost income, lost seniority, lost health and other benefits, litigation costs and attorney fees.

**Wherefore,** the Plaintiff requests judgment against Local 1329 for his actual damages, mental suffering, litigation costs, attorney fees, injunctive relief compelling Local 1329 to treat him no differently than it did prior to March 19, 2007, and for such other relief as the Court may deem just and appropriate.

**Count 3 – State Conversion Claims**

29. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

30. From January 1, 2004 through March 18, 2007, while Nicholaus regularly worked as a union member and Local 1329 treated him as a member in good standing of the union and not as a "retired" member, Local 1329 and the Annuity Fund intentionally and wrongfully withheld funds from his wages and converted then to their own benefit.

31. Nicholaus suffered damages as a result of the defendants' taking his money.

**Wherefore,** the Plaintiff requests judgment against each Defendant for the amount of money they wrongfully took from his wages, interest on those amounts from the date each amount was taken, litigation costs and attorney fees, and for such other relief as the Court may deem just and appropriate.

Peter Nicholaus, Sr.,
By his Attorney,

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff requests a trial by jury on each and every Count of this Complaint.