UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PETER NICHOLAUS, SR. | : | |
| | : | |
| v. | : | C.A. No. 08-101-S |
| | : | |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1329 and R.I. SHPPING ASSOCIATION – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION ANNUITY FUND, Alias | : | |

**ANSWER OF DEFENDANT, R.I. SHIPPING ASSOCIATION – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION ANNUITY FUND**

Now comes Defendant, R.I. Shipping Association - International Longshoremen's Association Annuity Fund ("Annuity Fund") and hereby answers the Complaint of Plaintiff, Peter Nicholaus, Sr. as follows:

1. Paragraph 1 of Plaintiff's Complaint states the statutory basis for this Court's jurisdiction and therefore no affirmative response is required. Paragraph 1of the Complaint also makes allegations against Defendant, International Longshoremen's Association, Local 1329 ("Local 1329") and so an affirmative response by Annuity Fund is required to these allegations. To the extent that there are allegations against Annuity Fund in paragraph 1 of the Complaint, those allegations are denied.

2. Paragraph 2 of the Complaint states Plaintiff's alternative theory of recovery and therefore no affirmative response is required. To the extent that paragraph 2 of the Complaint is an allegation against the Annuity Fund, that allegation is denied.

3. Paragraph 3 of the Complaint states another theory of recovery by Plaintiff and therefore no affirmative response is required. To the extent that paragraph 3 of the Complaint is an allegation against the Annuity Fund, that allegation is denied.

4. Paragraph 4 of the Complaint sets the statutory basis for this Court's jurisdiction, and therefore no affirmative response is required.

5. Paragraph 5 of the Complaint alleges that venue is proper in this Court and Annuity Fund does not contest Plaintiff's allegation in this regard.

6. Annuity Fund is without sufficient knowledge to admit or deny the allegations in paragraph 6 of the Complaint.

7. Admitted.

8. Admitted.

9. Annuity Fund denies that the R.I. Shipping Association – International Longshoremen's Association Annuity Fund is a defined benefit plan, but admits the other allegations in paragraph 9 of the Complaint.

10. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 10 of the Complaint.

11. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 11 of the Complaint.

12. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 12 of the Complaint.

13. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 13 of the Complaint.

14. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 14 of the Complaint.

15. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 15 of the Complaint.

16. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 16 of the Complaint.

## COUNT 1 – FEDERAL LMRDA

17. Annuity Fund reasserts its answers to paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 18 of the Complaint.

19. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 19 of the Complaint.

20. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 20 of the Complaint.

21. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 21 of the Complaint.

22. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 22 of the Complaint.

23. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 23 of the Complaint.

**COUNT 2 – STATE BREACH OF CONTRACT CLAIMS**

24. Annuity Fund reasserts its answers to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 25 of the Complaint.

26. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 26 of the Complaint.

27. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 27 of the Complaint.

28. Annuity Fund is without sufficient knowledge or information to admit or deny the allegation in paragraph 28 of the Complaint.

**COUNT 3 – STATE CONVERSION CLAIMS**

29. Annuity Fund reasserts its answers to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Denied that Annuity Fund intentionally and wrongfully withheld funds from Plaintiff's wages and converted those funds to its own benefit.

31. Denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

To the extent that Plaintiff's claims are, as alleged, covered by the Labor Management Relations Act or are covered by the Labor Relations Reporting and Disclosure Act or the National Labor Relations Act, 29 U.S.C. §§ 141 *et seq.*, those claims preempt Plaintiff's state law claims as set forth in Counts 2 and 3 of the Complaint.

**Second Affirmative Defense**

To the extent that Plaintiff's claims are covered by the Employee Retirement Income Security Act of 1979, as amended, 29 U.S.C. §§ 1001 *et seq*., those claims preempt Plaintiff's state law claims as set forth in Counts 2 and 3 of the Complaint.

**Third Affirmative Defense**

Plaintiff's claims against Annuity Fund are barred by the doctrine of accord and satisfaction.

**Fourth Affirmative Defense**

Plaintiff's retirement as of January 1, 2004 and the resulting distribution by Annuity Fund to him of his entire annuity fund balance as he requested on November 18, 2003 bars any and all claims of Plaintiff against Annuity Fund as set forth in Plaintiff's Complaint.

Defendant,
R.I. SHIPPING ASSOCIATION –
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION ANNUITY FUND
By its attorneys,

*/s/ Robert P. Brooks*
ROBERT P. BROOKS (#3721)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604
rbrooks@apslaw.com
Dated: April 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, a copy of the foregoing Answer on behalf of the R.I. Shipping Association – International Longshoremen's Association Annuity Fund was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Robert P. Brooks*

*450517_1.doc*