UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Peter Nicholaus, Sr.,

Plaintiff,

vs. 08-101 S

International Longshoremen's
Association Local 1329,

and

R.I. Shipping Association – International
Longshoremen's Association Annuity Fund, alias

Defendants.

---

**Plaintiff's Statement of Claims**
**Pursuant to Local Rule 16**

## A. Introduction

The Plaintiff brings this action principally pursuant to the federal Labor-Management Reporting and Disclosure Act (LMRDA), codified at 29 USC §401 *et. seq.*, contending International Longshoremen's Association Local 1329 impermissibly took adverse actions against him without proper notice and without affording him his due process rights under the LMRDA. In particular, he contends Local 1329 retroactively kicked him out of the union and denied him both the benefits of active union membership and the benefits afforded former union members. He seeks a reversal of the union's adverse actions.

In the alternative, he seeks to reverse the union's decision based on a common law breach of contract claim.

In the alternative, and in the event the union's actions are not reversed, he brings common law conversion claims seeking return of the union dues and annuity fund payments the defendants collected from him for several years before they retroactively determined he was not a union member.

**B. Federal LMRDA Elements**

1. The Plaintiff was a member of Local 1329 on March 18, 2007

   a. Factual Basis: Through that date, he was working through the union hiring hall, paying dues, the union was respecting his seniority for hiring and job assignment purposes, the union represented to employers that he was a member, he was taking part in union activities and in all respects was being treated as a union member.

2. Local 1329 expelled him.

   a. Factual Basis: On or about March 18, 2007, the union declared him no longer a union member retroactively to January 1, 2004, stopped respecting his seniority as both an active member of the union and as a 'retired' member of the union.

3. He was expelled without advanced written notice and without a full and fair hearing.

   a. Factual Basis: The Plaintiff will testify he learned what the Local had done when one of its leaders gave out a letter at the hiring hall saying he was no longer a member of the union.

**C. Breach of Contract Elements**

4. The Plaintiff was a member in good standing of the union entitled to all the benefits associated with membership.

   a. Factual Basis: The union treated him as such.

5. The union stopped providing him with the benefits of membership without cause.

   a. Factual Basis: The union declared him 'retired,' stopped treating him as an active member and even stopped respecting his sonority as a 'retired' member.

**D. Conversion Elements**

6. After the retroactive 'retirement' date of January 1, 2004, the union and Annuity Fund intentionally continued to take money from the Plaintiff's earnings that he would have been allowed to keep if he were not retired and/or not a union member.

   a. Factual Basis: The Plaintiff's payroll records show money was withheld and it has never been returned to him.

Peter Nicholaus, Sr.,
By his Attorney,

________________________
John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com

**Certificate of Service**

I certify that on _5/5/08_ I electronically file this document with the Clerk of the federal District Court for the District of Rhode Island using the CM/ECF System. The following participants received notice electronically:

Annuity Fund:
Robert Brooks, Esq.
Adler Pollock & Sheehan, PC
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax (401) 751-0604
rbrooks@apslaw.com

Local 1329
John R. Mahoney
Asquith, Mahoney LLP
155 South Main Street, 2nd floor
Providence, RI 02903
(401) 331-5353
Fax (401) 331-7373
jackmahoney@amlawllp.com

/s/ John T. Longo
______________________
John T. Longo, Esq./#4928